UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA LUMPKIN,

       Plaintiff                      Case No: 22-12055

vs.

                                        Hon.

FELICIAN SISTERS OF NORTH
AMERICA, INC.,

       Defendant
_____

## NOTICE OF REMOVAL

Defendant Felician Sisters of North America, Inc. ("Defendant"), pursuant to 28 U.S.C. §1441 *et seq.*, provides notice of the removal of the above-captioned action from the 3rd Circuit Court for Wayne County, State of Michigan (Case No. 22-008796-CD), to the United States District Court for the Eastern District of Michigan, Southern Division, and in support, states as follows.

### I.    State Court Action

1. On July 25, 2022, Plaintiff Deanna Lumpkin ("Plaintiff") filed her Complaint and Jury Demand[1] ("Complaint") in the 3rd Circuit Court for Wayne

---

[1] Any reference to Plaintiff's Complaint and Jury Demand is made for the limited purpose only of illustrating the nature of Plaintiff's allegations, but without admitting the truth of those allegations.

County. Her case was assigned cause number 22-008796-CD on that Court's docket. The Complaint asserts a Count I claim of alleged "FMLA Interference" under the Family Medical Leave Act, 29 U.S.C. §12111(2)(a) ("FMLA"), a Count II claim of alleged "FMLA Retaliation," a Count III claim of alleged sex discrimination under the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq*. ("ELCRA"), and a Count IV claim of alleged marital status discrimination under ELCRA.

2.  Defendant received the Complaint and Jury Demand by certified mail on August 3, 2022.

3.  Therefore, this removal is timely filed within thirty (30) days of service under 28 U.S.C. §1446(b)(1).

4.  Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, motions, and briefs served on the Defendant as well as those filed in the Wayne County Circuit Court in this matter are attached hereto.

- **Exhibit 1:** Plaintiff's Complaint and Jury Demand
- **Exhibit 2:** Plaintiff's Proof of Service
- **Exhibit 3:** Plaintiff's Proof of Service
- **Exhibit 4:** Docket Sheet

4.  This case is being removed to this Court on the bases of federal question jurisdiction and, alternatively, diversity jurisdiction.

5. As of the date of this Notice of Removal, Defendant has not filed a responsive pleading to Plaintiff's Complaint. Defendant reserves any and all rights to assert any and all defenses to Plaintiff's Complaint, including, but not limited to insufficiency of service of process and lack of personal jurisdiction.

6. A party may timely remove a pending state court action to federal district court if the federal district court would have original jurisdiction. 28 U.S.C. §1441(a). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

7. Removal is appropriate under the Court's original "federal question" jurisdiction because Plaintiff alleges violations of the FMLA. (Exhibit 1, Complaint, ¶¶46-62).

8. In addition to exercising its federal question jurisdiction, this Court should also exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

9. In the alternative, removal is appropriate under the Court's diversity jurisdiction.

10. Diversity of citizenship exists in this case because, as more fully discussed below, this action is a civil case with an amount in controversy in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and this case is

between a resident, at all times relevant to this action, of the State of Michigan and a corporation that is incorporated under the laws of the State of Delaware and maintains its principal place of business in Pennsylvania. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

    a.    Plaintiff and Defendant are citizens of different states:

        i.    Plaintiff identifies her residence as being in the County of Wayne, State of Michigan (Complaint, ¶1).

        ii.    For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. 28 U.S.C. §1332(c)(1). At the time this action was commenced, Defendant was and still is a corporation organized under the laws of the State of Delaware, with its principal place of business in Beaver Falls, Pennsylvania. Defendant has never been a citizen of the State of Michigan, where this action was brought.

    b.    The amount in controversy is in excess of $75,000.00:

        i.    A defendant need only show that it is "more likely than not" that the plaintiff's claims meet the federal amount in controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated in part on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 91-93 (2010); *see also Salling v. Budget Rent-A-Car Sys.*, 672 F.3d 442, 443 (6th Cir. 2012) ("[A] defendant seeking removal must prove, by a preponderance of the evidence, that the jurisdictional requirements have been met.").

        ii.    While Defendant denies that Plaintiff is entitled to receive an award of any damages, and affirmatively states that Plaintiff is not entitled to damages, it is more probable than not that the damages Plaintiff seeks to recover in this action for her claims, if proven, exceed $75,000.00, exclusive of interest, costs, and attorneys' fees. For example, Plaintiff's Complaint seeks recovery for "back pay," "back pay plus interest," and "front pay." (*See* Complaint at "Wherefore" statements, pp. 7-10). During her last full year of

employment with Defendant, Plaintiff's wages were approximately $32,663.47. (Declaration of Kelly Cummings, Exhibit 5 at ¶5). If Plaintiff successfully prosecutes this lawsuit and receives an economic damage award of lost wages representing back pay, and front pay, and interest on the back pay of one or even two years pay, such an award would exceed the $75,000 jurisdictional minimum.

iii. Additionally, the amount in controversy requirement will be met to the extent Plaintiff is successful in obtaining an award for the other forms of economic damages she seeks such as "exemplary damages." (*See* Complaint at "Wherefore" statements, pp. 9-10).

iv. Further, to the extent Plaintiff successfully obtains an award of the non-economic emotional distress damages sought by the Complaint, that award would also push her damages further beyond the $75,000 threshold. In evaluating the amount-in-controversy requirement, the Sixth Circuit has accepted an estimation of unspecified emotional distress damages as equal to one year's salary. (*See* Complaint at "Wherefore" statements, pp. 9-10); *see Mitchell v. White Castle Sys. Inc.*, No. 94-1193, 1996 U.S. App. LEXIS 16858, at *6-7, 1996 WL 279863 (6th Cir. May 24, 1996). (Exhibit 6). Plaintiff's potential emotional distress damages, therefore, can be quantified for removal purposes as one year's salary, e.g. $32,663.47 for the year (2020). (Declaration of Kelly Cummings, Exhibit 5 at ¶5). These substantial potential emotional distress damages reinforce the conclusion that the amount in controversy requirement is easily satisfied.

v. Plaintiff also seeks attorney fees. (*See* Complaint at "Wherefore" statements, pp. 7-10). Although attorney fees are generally not considered when calculating the amount in controversy, they are included in the calculation when a statute expressly allows for them. *See Charvat v. NMP, LLC*, 656 F.3d 440, 454-55 (6th Cir. 2011); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

vi. Plaintiff's Counts III and IV allege employment discrimination under the ELCRA, which expressly allows for the recovery of attorney's fees as an element of damages. MCL §37.2801(3). Accordingly, Plaintiff's requested attorney's fees must also be

5

   considered when evaluating whether the amount in controversy in this case exceeds $75,000.  *See Williamson*, 481 F.3d at 377 (gathering cases considering attorney fees in calculating the amount in controversy because the underlying statute authorized attorney fees).

vii. Plaintiff does not request a specific amount of attorney fees.  But even when a plaintiff seeks to recover an unspecified amount of damages, the defendant can still demonstrate that "it is more likely than not" that the plaintiff's claims satisfy the amount in controversy requirement.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001) (concluding that the defendant had satisfied its limited burden to prove that a mere preponderance of the evidence demonstrated that the plaintiffs' "unspecified and unliquidated damages sought" exceeded $75,000); *Gafford*, 997 F.2d at 158 (noting that this preponderance of the evidence standard requires the defendant to prove that the jurisdictional requirements are "more likely than not" satisfied).  It is reasonable to conclude that Plaintiff will accrue attorneys' fees in an amount sufficient — when combined with (a) Plaintiff's potential back and front pay award of even two years of salary (quantified at her 2020 compensation of $32,663.47 x 2 = $65,326.94) and (b) her estimated emotional distress damages of one year's salary (quantified at her 2020 compensation of $32,663.47) — to make the amount in controversy more likely than not exceed $75,000.  *See Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (considering potential attorney fees in calculating the amount in controversy and concluding that there was diversity jurisdiction).

viii. The amount in controversy requirement also will be met to the extent Plaintiff is successful in obtaining an award for the other forms of economic damages she may seek in the form of "back and front benefits."  Plaintiff does not assign a particular value to those damages.  (*See* Complaint at "Wherefore" statements, pp. 7-10).

ix. While the jurisdictional minimum in this case has been met, nothing in this Notice of Removal should be construed as an admission or acknowledgment that Plaintiff is entitled to any damages for her claims.

11. Because the Court has original federal question jurisdiction over this matter, pursuant to 28 U.S.C §1331 and §1441, and original diversity jurisdiction pursuant to 28 U.S.C. §1332, and because all other prerequisites for removal of this case to this Court have been fulfilled, this matter may be removed pursuant to 28 U.S.C. §1441.

12. Venue in this Court is proper under 28 U.S.C. §1441(a) and §1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court is the district court for the district embracing the County of Wayne in which the state court action was filed. *See* 28 U.S.C. § 1391; 28 U.S.C. §1441(a), (b); E.D. Mich. LR 83.10.

13. Furthermore, promptly after filing this *Notice of Removal*, as required by 28 U.S.C. §1446(d), Defendant will give written notice of the *Notice of Removal* to the 3rd Circuit Court for Wayne County, Michigan and also serve that written notice upon Plaintiff's counsel.

In accordance with the requirements of 28 U.S.C. §1331, §1441(a), §1441(b)(1), and §1446, Defendant respectfully requests that the United States District Court for the Eastern District of Michigan, Southern Division, accept this Notice of Removal, assume jurisdiction of this lawsuit, and issue such further orders and processes as may be necessary to bring before it all necessary parties.

WHEREFORE, Defendant gives notice of removal of this case from Wayne County Circuit Court to this Court.

Respectfully submitted,

DYKEMA GOSSETT PLLC
By: /s/ *Bonnie Mayfield*
Bonnie Mayfield (P40275)
Attorneys for Felician Sisters
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
(248) 203-0851; (855) 245-0194 (fax)
bmayfield@dykema.com

August 31, 2022

## CERTIFICATE OF SERVICE

Bonnie Mayfield of Dykema Gossett PLLC, certifies that on August 31, 2022, she caused to be served copies of the attached *Notice Of Removal* along with this *Certificate of Service*, via U.S. mail with prepaid, first class postage affixed, to counsel of record at the following address: Richard G. Mack, Jr. and Jocelyn Flemons, Miller Cohen, P.L.C., 7700 Second Avenue, Suite 335, Detroit, Michigan 48202.

/s/ *Bonnie Mayfield*
Bonnie Mayfield (P40275)
DYKEMA GOSSETT PLLC
Attorneys for Felician Sisters
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
(248) 203-0851; (248) 203-0763 (fax)
bmayfield@dykema.com

4894-0580-4080.1