# EXHIBIT 1

# MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW

7700 SECOND AVENUE
SUITE 335
DETROIT, MICHIGAN 48202

(313) 964-4454
FAX (313) 964-4490
TOLL FREE (IN MICHIGAN) 1-800-221-6021
E-MAIL: YOURLAWYERS@MILLERCOHEN.COM
WWW.MILLERCOHEN.COM

BRUCE A. MILLER
NORTON J. COHEN (1935-2014)
RICHARD G. MACK, JR.
ANDREA HAMM
ROBERT D. FETTER
KEITH D. FLYNN
JESSICA N. SUPER
JOCELYN C. FLEMONS
CATHERINE GROCHOWSKI
ANDREA M. FRAILEY
MATTHEW LUBY

CHARLES W. PALMER
OF COUNSEL

DEARBORN OFFICE:
22027 PARK STREET
DEARBORN, MI 48124

1-800-221-6021

WARREN OFFICE:
8200 OLD 13 MILE RD
SUITE 104
WARREN, MI 48093

1-800-221-6021

WYANDOTTE OFFICE:
140 ELM STREET
SUITE 3
WYANDOTTE, MI 48192

1-800-221-6021

July 29, 2022

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
CSC-Lawyers Incorporating Service
871 Mercer Road
Beaver Falls, PA 15010
Attention: Resident Agent
Felician Sisters of North America, Inc.

    Re:    Deanna Lumpkin v Felician Sisters of North America, Inc.
             Case No. 22-008796-CD

Dear Sir or Madam:

In connection with the above-referenced matter, I am enclosing three copies of Summons, Complaint and Jury Demand for service upon Felician Sisters of North America, Inc.

Thank you in advance for your assistance.

                Sincerely,

                MILLER COHEN, PLC

                Jocelyn C. Flemons, Esq.

JCF/am
cc:    Ms. Deanna Lumpkin
        Mr. Bruce A. Miller

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-008796-CD<br>Hon. Qiana Denise Lillard |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226    Court telephone no.: 313-224-2240

| Plaintiff's name(s), address(es), and telephone no(s)<br>LUMPKIN, DEANNA | v | Defendant's name(s), address(es), and telephone no(s).<br>FELICIAN SISTERS OF NORTH AMERICA, INC. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Richard G. Mack 58657<br>7700 2nd Ave Ste 335<br>Detroit, MI 48202-2477 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/25/2022 | Expiration date*<br>10/24/2022 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT
CIVIL DIVISION

**DEANNA LUMPKIN,**

                Plaintiff,         Case No.        CD

v.                                           Hon.

**FELICIAN SISTERS OF NORTH AMERICA, INC.,**
      Defendant.
_____/

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Jocelyn Flemons (P85448)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, Michigan 48202
(313) 964-4454
_____/

There is no other pending or resolved
civil action arising out of the same transaction
or occurrence as alleged in the complaint.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **DEANNA LUMPKIN**, by and through her attorneys, **MILLER COHEN, P.L.C.**, and for her Complaint and Demand for Jury Trial against Defendant, **FELICIAN OF NORTH AMERICA,** states as follows:

### INTRODUCTION

On December 30, 2020, the Plaintiff in this case, Deanna Lumpkin, received a phone call that her 4-year-old daughter was screaming and crying uncontrollably because she had festering blisters on her vaginal area. Her daughter would not stop crying. When she learned her daughter had not been taken to the hospital, Plaintiff immediately requested permission from her employer, Defendant Felician Sisters of North America Inc., to leave work to take her 4-year-old daughter to

the emergency room.

When Plaintiff arrived at the emergency room with her inconsolable daughter who was still crying, Plaintiff learned that her 4-year-old daughter had been sexually assaulted while she was staying with a family member over Christmas break. Plaintiff also learned that the festering blisters on her daughter's vaginal area were a result of her daughter having contracted gonorrhea from the person that sexually assaulted her.

Despite the reality of trying to care for her daughter and piece together the inconceivable reality of her daughter being raped, Plaintiff continuously communicated to the Defendant that she was using her FMLA days to care for her daughter. She took 12 days off to address this episode.

This case concerns the sexist behaviors, practices, and blatant violations of law exhibited by Defendant who first denied Plaintiff the use of FMLA days she qualified for, and then terminated Plaintiff after being informed that the reason Plaintiff needed FMLA days was to care for her sexually abused daughter. Plaintiff brings this lawsuit alleging interference and retaliation for asserting her rights under the FMLA and seeks all available remedies provided by the FMLA.

### PARTIES

1. Plaintiff is a resident of Detroit, Michigan and worked in Wayne County, Michigan during all relevant times in this action.

2. Defendant operates a facility that provides care for elderly nuns. Defendant does business in the City of Livonia, in the County of Wayne and in the State of Michigan.

### JURISDICTION

3. Jurisdiction is proper in this Court for the claims arising under the Family Medical Leave Act, 29 U.S.C. § 2611 et seq., pursuant to 28 U.S.C. § 1331.

4. Jurisdiction is proper in this Court for the alleged violations of the Elliott-Larsen Civil Rights Act, M.C.L.A. sec 37.2101 et. seq. ("Elliott-Larsen")

## GENERAL ALLEGATIONS

5. Plaintiff, Deanna Lumpkin, started employment with Defendant as a Certified Nurse Assistant (CNA) in November of 2019.

6. Plaintiff worked for Defendant at its Felician Sisters of North America Livonia Covenant nursing facility.

7. At the facility Plaintiff cared for elderly nuns.

8. Plaintiff worked as a CNA, directly under Nanette Darty, Director of Nursing.

9. Plaintiff was a full-time employee who worked at least 40 hours per week.

10. Plaintiff had acquired hours easily north of 1,250 hours during the preceding twelve-month period.

11. For the first six months of employment Plaintiff received high reviews and praise from Nanette Darty, other members of management, and residents at Defendant's facility.

12. In June 2020, Plaintiff became a single mother, after her separation, and made diligent efforts to secure childcare.

13. Plaintiff was open about her childcare issues and had several conversations with Defendant's management about the challenges she faced securing childcare.

14. On occasion, Plaintiff was forced to call off work or come in late when she did not have childcare.

15. On December 30, 2020, Plaintiff received a phone call at work that her 4-year-old daughter was screaming and crying uncontrollably because she had festering blisters on her vaginal area.

3

16. Plaintiff received permission from Defendant's management to leave work and take her daughter to the Emergency room.

17. Plaintiff learned that her 4-year-old daughter had been sexually assaulted.

18. According to the physician that attended her daughter, the festering blisters on her daughter's vaginal area were a result of her daughter having contracted gonorrhea.

19. Plaintiff communicated to the Defendant that she was requesting FMLA to care for her daughter.

20. On January 3, 2021, Plaintiff contacted the Defendant and obtained FMLA paperwork.

21. That same day, Plaintiff provided FMLA paperwork to the pediatrician caring for her daughter.

22. On January 4, 2021, the pediatrician faxed the completed FMLA paperwork to the Defendant.

23. Plaintiff was provided with a stamped confirmation of the FMLA paperwork that shows the Defendant received the completed FMLA paperwork on January 4, 2021, at 09:27:04.

24. The faxed FMLA paperwork notified Defendant that Plaintiff's 4-year-old daughter had suffered "sexual abuse" and that Plaintiff "has custody and no childcare available."

25. The FMLA paperwork further stated that Plaintiff needed time off work to provide physical and psychological care for her daughter.

26. Plaintiff communicated with Defendant multiple times after FMLA paperwork was submitted and explained to Defendant's representatives that she was using FMLA days.

27. During these communications Defendant's management led Plaintiff to believe her absences were being counted as FMLA absences and that her job was protected.

28. Ultimately Defendant's management interfered with Plaintiff's ability to use qualifying FMLA days and terminated Plaintiff in retaliation for her attempt to use FMLA.

29. Defendant terminated Plaintiff on January 12, 2021.

30. In the termination paperwork, Defendant asserted that Plaintiff did not submit FMLA paperwork and was terminated for reaching 10.5 attendance points.

31. Defendant's termination reasons are not in alignment with the evidence.

32. In calculating the 10.5 attendance points alleged in Defendant's termination paperwork, Defendant included days Plaintiff requested qualifying FMLA days.

33. Defendant's inclusion of FMLA days in its calculation is clear from Defendant's disciplinary action forms.

34. Defendant's January 12, 2021 disciplinary action form states Plaintiff received 1 attendance point for absences from December 31, 2020 to January 11, 2021.

35. These are dates Plaintiff was qualified for, requested, and should have received FMLA days from Defendant.

36. Without counting the improperly calculated attendance point by Defendant, Defendant's calculations support Plaintiff had 9.5 attendance points.

37. And while there are additional discrepancies with Defendant's calculation that Plaintiff had 9.5 attendance points, it is clear from Defendant's employee handbook that termination based on attendance will only result when an employee "accumulates ten (10) or more points."

38. The January 12, 2021 disciplinary form and other evidence shows Plaintiff did not accumulate the 10 attendance points necessary for termination.

39. When Defendant's management called Plaintiff on January 12, 2021, and informed Plaintiff that she was being terminated because of absences, Plaintiff again informed management that she had been using FMLA days to care for her sexually abused daughter and that her absences were covered under FMLA.

40. Defendant's management ignored Plaintiff and falsely stated in its January 12, 2021 disciplinary form that Plaintiff did not provide the necessary medical certification for FMLA.

41. To further support its false claim, Defendant's management intentionally stated a wrong date Plaintiff opened her FMLA claim and listed an arbitrary and wrong due date for Plaintiff to provide medical documents.

42. Contrary to Defendant's assertions, medical documentation provided by physicians who treated Plaintiff's daughter was received by Defendant on January 4, 2021, with a stamped confirmation.

43. Defendant's actions make it clear that despite the care and compassion Plaintiff provided to residents at Defendant's facility, the Defendant showed Plaintiff no care and no compassion when she needed to use FMLA days to care for her sexually abused 4-year-old daughter.

44. Ultimately, because of her efforts to use qualifying FMLA days to care for her sexually abused 4-year-old daughter, Plaintiff was denied FMLA and terminated.

45. Now, Plaintiff is forced to bring this lawsuit against her former employer for all damages to which she is entitled under law.

## COUNT I
## FMLA INTERFERENCE

46. Plaintiff incorporates the preceding paragraphs by reference, as if fully re-alleged herein.

47. Plaintiff was an "eligible employee" as defined by the Family Medical Leave Act

6

("FMLA"), 29 U.S.C. § 1211(2)(a):

    a. Plaintiff worked for Defendant for more than one year; and

    b. Plaintiff worked in excess 1,250 hours for the proceeding 12-month period at all relevant times.

48. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 1211(4)(a), as a public agency who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

49. Plaintiff was entitled to FMLA intermittent leave as an eligible employee due to her need to care for her sexually abused 4-year-old daughter.

50. Plaintiff gave notice to Defendant of her intention to take FMLA leave.

51. Defendant failed to grant Plaintiff leave under FMLA.

52. Defendant interfered with Plaintiff's right to take FMLA leave by marking her absent on days that should have been covered by FMLA.

53. Defendant retaliated against Plaintiff for taking the protected leave by using absences that should have been approved by FMLA as the basis for termination.

54. Defendant did not reasonably believe based on particularized facts that Plaintiff improperly requested FMLA because no such facts exist.

55. Marking Plaintiff with an unapproved absence for dates covered by Plaintiff's FMLA and using it as the basis for termination interfered with and denied Plaintiff's right to take protected medical leave and was a violation of FMLA.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages including; back pay, liquidated damages in

the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT II

## FMLA RETALIATION

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff was an "eligible employee" as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 1211(2)(a):

    a. Plaintiff worked for Defendant for more than one year; and

    b. Plaintiff worked in excess 1,250 hours for the proceeding 12-month period at all relevant times.

58. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 1211(4)(a), as a public agency who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

59. Plaintiff was entitled to FMLA leave as an eligible employee due to her need to care for her sexually abused 4-year-old daughter.

60. Defendant failed to grant Plaintiff leave under the FMLA.

61. Defendant discriminated and retaliated against Plaintiff for taking the leave when it marked Plaintiff's absences as unscheduled when it should have been marked as approved FMLA leave.

62. Terminating Plaintiff for taking protected leave was retaliatory and a violation of the FMLA. 29 U.S.C. § 2615(a)(2).

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages including; back pay, liquidated damages in

the amount of back pay plus interest, reinstatement, front pay, back and front benefits, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT III

### SEX DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Michigan's Elliott Larsen Civil Rights Act (ELCRA) prohibits sex discrimination in the workplace.

65. Plaintiff is a female who took protected FMLA leave so she could care for her sexually abused 4-year-old daughter.

66. Defendant discharged Plaintiff in retaliation against her based on her sex because she needed to take leave to care for her sexually abused 4-year-old daughter.

67. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages including; back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, emotional distress, pain and suffering, punitive and exemplary damages, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

## COUNT IV

## MARITAL STATUS DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)

68. Plaintiff incorporates by reference all preceding paragraphs.

69. Michigan's Elliott Larsen Civil Rights Act (ELCRA) prohibits marital status discrimination in the workplace.

70. Plaintiff is a female who took protected FMLA leave so she could care for her sexually abused 4-year-old daughter.

71. Defendant discharged Plaintiff in retaliation against her based on her marital status because she needed to take leave to care for her sexually abused 4-year-old daughter.

72. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendant liable for compensatory damages including; back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits, emotional distress, pain and suffering, punitive and exemplary damages, interest, attorneys' fees, costs, and all other such relief this Court deems just and equitable.

Respectfully submitted,

**MILLER COHEN PLC**

<u>/s/ Richard G. Mack, Jr.</u>
Richard G. Mack, Jr. (P58657)
Jocelyn Flemons (P85448)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, Michigan 48202
(313) 964-4454
richardmack@millercohen.com
jocelyn@millercohen.com

Dated: July 22, 2022

11

22-008796-CD FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 7/25/2022 9:42 AM Carlita McMiller

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT
CIVIL DIVISION

DEANNA LUMPKIN,

          Plaintiff,          Case No.      CD
v.                                           Hon.

FELICIAN SISTERS OF NORTH AMERICA, INC.,
          Defendant.
                                                          /

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Jocelyn Flemons (P85448)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, Michigan 48202
(313) 964-4454
                                                          /

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, **DEANNA LUMPKIN**, by and through her attorneys, **MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

                                                     Respectfully submitted,

                                                     **MILLER COHEN PLC**

                                                     */s/ Richard G. Mack, Jr.*
                                                     Richard G. Mack, Jr. (P58657)
                                                     Jocelyn Flemons (P85448)
                                                     *Attorneys for Plaintiffs*
                                                     7700 Second Avenue, Suite 335
                                                     Detroit, Michigan 48202
                                                     (313) 964-4454
                                                     richardmack@millercohen.com
Dated: July 22, 2022                               jocelyn@millercohen.com